# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALEXIS WHITE,<br><br>　Plaintiff,<br><br>v.<br><br>MILK AND HONEY At WESLEY CHAPEL, LLC, and MICHAEL EPPS, individually,<br>DEON LAMAR HARRISON, individually,  RASHEED DEVON L. GREEN,  and ROBERT PAUL MCCADNEY JR. Individually<br><br>　Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Alexis White (hereinafter "Plaintiff"), by and through undersigned counsel, and files this, her Complaint for Damages against Defendant, MILK AND HONEY AT WESLEY CHAPEL, LLC, a Georgia Corporation, and MICHAEL EPPS, Individually, DEON LAMAR HARRISON, individually,   RASHEED  DEVON  L.  GREEN,   and  ROBERT  PAUL MCCADNEY JR. Individually (hereinafter "Defendants"), and respectfully shows the Court as follows:

## I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because the above-referenced Defendants reside in this district.

## III. PARTIES

5.

During Plaintiff's employment with Defendants, and at all times material hereto, Plaintiff was a resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

Milk and Honey At Wesley Chapel, LLC is a Georgia Limited Liability Corporation that resides in this district, does business, and is engaged in commerce within the State of Georgia

7.

Milk and Honey At Wesley Chapel, LLC is now and, at all times relevant hereto, has been a domestic corporation engaged in an industry affecting commerce.

8.

Defendants, Milk and Honey At Wesley Chapel LLC, and Michael Epps, may be served by delivering a copy of the summons and complaint upon its Registered Agent, Michael Epps and is located at 3131 Robinwood Trail, Decatur, GA 30034.

9.

Defendant, Deon Lamar Harrison, may be served by delivering a copy of the summons and complaint to 2644 Bluestone Drive SW, Atlanta, GA 30331.

10.

Defendant Rasheed Devon L. Green, may be served by delivering a copy of the summons and complaint to 2255 Peachtree Road Ne, Unit #423 Atlanta, GA 30309

11.

Robert Paul McCadney, Jr., may be served by delivering a copy of the summons and complaint to 5117 Rapahoe Trail, Atlanta, GA 30331

12.

Plaintiff is an "employee" of Defendants, as defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

13.

Plaintiff performed non-exempt labor for Defendants within the last three (3) years.

14.

Defendants employed Plaintiff during the relevant time period.

15.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

16.

Defendants are a municipal employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

17.

Defendants are classified as an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

During Plaintiff's employment with Defendants, Defendants employed two (2) or more employees which handled goods, materials, and supplied which travelled in interstate commerce.

19.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

20.

At all times relevant to this action, Michael Epps is an individual resident of the State of Georgia who owns and operates, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Milk and Honey At Wesley Chapel, LLC. By virtue of having regularly exercised that authority on behalf of Milk and Honey At Wesley Chapel, LLC, Michael Epps is an employer as defined by 29 U.S.C. § 201, et seq.

21.

At all times relevant to this action, Deon Lamar Harrison is an individual resident of the State of Georgia who owns and operates, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Milk and Honey At Wesley Chapel, LLC. By virtue of having regularly exercised that authority on behalf of Milk and Honey At Wesley Chapel, LLC, Deon Lamar Harrison is an employer as defined by 29 U.S.C. § 201, et seq.

22.

At all times relevant to this action, Rasheed Devon L. Green, is an individual resident of the State of Georgia who owns and operates, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work

schedules for the employees; and (c) control the finances and operations of Milk and Honey At Wesley Chapel, LLC. By virtue of having regularly exercised that authority on behalf of Milk and Honey At Wesley Chapel, LLC, Rasheed Devon L. Green is an employer as defined by 29 U.S.C. § 201, et seq.

23.

At all times relevant to this action, Robert Paul McCadney Jr., is an individual resident of the State of Georgia who owns and operates, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Milk and Honey At Wesley Chapel, LLC. By virtue of having regularly exercised that authority on behalf of Milk and Honey At Wesley Chapel, LLC, Robert Paul McCadney Jr., is an employer as defined by 29 U.S.C. § 201, et seq.

## IV.  FACTUAL ALLEGATIONS

24.

Plaintiff originally began working at the Defendants on or around July 15, 2018, until July 18, 2019, at the Defendants' Cascade location as a non-exempt employee. Her hourly rate was $10.00.

25.

During this tenure, she worked at least thirty (30) hours of overtime per week.

26.

Plaintiff was paid regular time in cash for any hours she worked over forty (40) but not an additional half time as required by the FLSA.

27.

After separating from the Defendants, she returned to the Defendants working at the Wesley Chapel location in February 2021 until around May 2021 as a non-exempt employee, with an hourly rate of $10.00.

28.

Plaintiff worked about thirty (30) hours in total overtime for this period, but was not paid any overtime.

29.

Plaintiff was paid cash for regular pay for her 2018 – 2019 tenure.

30.

During her second tenure from February 2021 through in or around May 2021, Plaintiff at the Defendants she worked at least 30 hours of total overtime. Plaintiff was not paid at all for this overtime.

31.

Plaintiff made Michelle, head of payroll, aware of issues of her not being paid overtime on several occasions, but Michelle did nothing to correct this issue.

32.

Defendants' also deducted at least one (1) 30 minute break from Plaintiff's pay, but never got a break.

## V. **CLAIMS FOR RELIEF**

### Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

33.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

34.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked more than forty (40) hours in given workweeks and by forcing Plaintiff to work off the clock without compensation.

35.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked more than 40 hours in a workweek.

36.

Defendants knowingly and willfully permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

37.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement due to their repeated failure to compensate Plaintiff at the required overtime rate.

38.

Defendants have failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA.

39.

Defendants' violations of the FLSA were willful and in bad faith.

40.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendants, awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 9th day of August, 2021.

Respectfully submitted,

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: jstephens@forthepeople.com