## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALEXIS WHITE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:21-cv-03231-SDG |
| MILK AND HONEY AT WESLEY | ) | |
| CHAPEL, LLC, MICHAEL EPPS, | ) | |
| *individually*, DEON LAMAR | ) | |
| HARRISON, *individually*, RASHEED | ) | |
| DEVON GREEN, and ROBERT PAUL | ) | |
| MCCADNEY JR., *individually*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION AND MEMORANDUM SEEKING APPROVAL
## OF THE PARTIES' SETTLEMENT AGREEMENT

Plaintiffs and Defendants (collectively, "the Parties"), through counsel, hereby move that this Court approve their Settlement Agreement ("Settlement Agreement"), attached hereto as Exhibit 1, and dismiss this lawsuit with prejudice. For the reasons set forth below, the Parties respectfully request that this Court grant their Motion.

### I.    Background

In this lawsuit, Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA"), in the form of unpaid overtime wages. Plaintiffs

seek overtime pay, liquidated damages, declaratory relief, and other relief under the FLSA. Defendants dispute Plaintiffs' claims and calculations of hours worked and overtime pay owed.

Based upon the Parties' dispute, the Parties mediated the case before The Honorable Catherine M. Salinas on August 30, 2022. The Parties did not reach a resolution during the mediation, but as a result of their engagement in settlement negotiations throughout the discovery period, the Parties reached an agreement to resolve all of Plaintiffs' claims for unpaid wages, liquidated damages, and costs and attorneys' fees. The Parties now respectfully request that this Court approve the Settlement Agreement pertaining to Plaintiffs' FLSA claims.

## II.    Citation of Authority

### A. Approval By The Court.

Pursuant to 29 U.S.C. § 216(b), the compromise of FLSA claims requires approval by the Court when payment is not made through the Department of Labor. See Lynn's Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982) (private suit filed by employees requires that settlement be approved by Court). Accordingly, the Parties are submitting a copy of the Settlement Agreement for the Court's review and approval.

2

Here, Plaintiffs contend they should have been paid for overtime pay based on one-and-one-half times the pay rate. Defendants dispute Plaintiffs' alleged amount of unpaid time and Plaintiffs' calculations of the overtime due. During settlement discussions, the Parties relied on Defendants' detailed time and payroll data to perform their damages analysis. The Parties reached a settlement amount that provides the Plaintiffs a substantial recovery for wages and liquidated damages. Based upon an analysis of their respective calculations, the Parties have agreed upon a reasonable estimation of the amount that Plaintiffs might recover if they succeeded on their claims.

Based on the estimation, Plaintiffs agree that the amounts being paid to them under the Settlement Agreement are fair and reasonable. The Parties agree that these amounts are fair and reasonable because the amount owed to Plaintiffs would need to be proved before a jury trial.

Given the number of legal and factual issues involved in this case, there is substantial uncertainty as to the amount Plaintiffs would recover for wages, overtime, and liquidated damages, particularly the number of hours for which pay is due and amounts already paid to Plaintiffs. Thus, there is substantial uncertainty as to the amount Plaintiffs would recover by pursuing this matter to trial. Rather, the

only certainty is that the Parties' costs and attorneys' fees would substantially increase.

For these reasons, the Parties have agreed that the amount contained in the Settlement Agreement is a "fair and reasonable" resolution of Plaintiffs' claims. The Parties have been represented by counsel throughout the negotiation of the Settlement Agreement and have reached the Settlement Agreement by considering the disputed issues and a desire to fully resolve all issues between them.

In addition, the Parties have reached the Settlement Agreement in the interest of judicial economy and the avoidance of the time and expense of lengthy litigation. The Settlement Agreement provides the Parties with a reasonable resolution and certainty.

### B. Plaintiffs' Attorneys' Fees Are Reasonable.

Under the FLSA, a prevailing party is entitled to attorneys' fees and costs. See 29 U.S.C. § 216(b). Here, Plaintiff's counsel, Morgan & Morgan, P.A., seeks to be paid for attorneys' fees and costs for the FLSA claims. This amount has also been agreed to by Defendants. The requested fee is reasonable taking into consideration the legal criteria for awarding attorneys' fees under fee shifting statutes. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. Of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

4

Plaintiffs and their counsel engaged in a contingency fee agreement prior to the initiation of this action in which Plaintiffs' counsel would receive 40% of the settlement amount to cover hours worked on the case as well as any additional costs. Plaintiffs' counsel submits that he has spent time reviewing the file, preparing damage calculations, conferring with his clients, drafting the Complaint and other pleadings, preparing for and conferring with opposing counsel, preparing for and attending the mediation, propounding and responding to discovery requests, and reviewing the settlement documents and pleadings. Therefore, the amount of costs and attorneys' fees is reasonable.

## III.    Conclusion

WHEREFORE, the Parties respectfully request the Court approve the Settlement Agreement and dismiss this Lawsuit with prejudice. The Parties are submitting a Proposed Order with this Motion.

Respectfully submitted this 22nd day of March 2023.


**MORGAN & MORGAN, P.A.**

By: /s/Jeremy Stephens
Jeremy Stephens
Georgia Bar No. 702063
Morgan & Morgan, P.A.
191 Peachtree Street N.E., Ste 4200
P.O. Box 57007

**The Employment Law Solution**

By:  /s/Jamala S. McFadden
Jamala S. McFadden
Georgia Bar No. 490959
Steven R. Carter
Georgia Bar No. 364342
The Employment Law Solution

Atlanta, Georgia 30343-1007
Telephone: (404) 965-1682
Email: jstephens@forthepeople.com

*Counsel for Plaintiffs*

800 Mt. Vernon Hwy, NE
Suite 410
Atlanta, Georgia 30328
Telephone: (678) 424-1380
Facsimile: (404) 891-6840

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that this document was prepared in compliance with LR 7.1, N.D. Ga. This document was prepared in Times New Roman 14-point font.

_/s/ Jamala S. McFadden_
Jamala S. McFadden
_Attorney for Defendants_

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ALEXIS WHITE, et al.,          ) | |
|                          ) | |
|    Plaintiffs,            ) | |
|                          ) | |
| v.                       ) | CIVIL ACTION NO. |
|                          ) | 1:21-cv-03231-SDG |
| MILK AND HONEY AT WESLEY  ) | |
| CHAPEL, LLC, MICHAEL EPPS,  ) | |
| *individually*, DEON LAMAR     ) | |
| HARRISON, *individually*, RASHEED  ) | |
| DEVON GREEN, and ROBERT PAUL  ) | |
| MCCADNEY JR., *individually*,    ) | |
|                          ) | |
|    Defendants.          ) | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 22, 2023, I electronically filed the foregoing **JOINT MOTION AND MEMORANDUM SEEKING APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT** with the Clerk of Court using the CM/ECF system which will automatically send electronic notification of such filing to all counsel of record.

/s/ *Jamala S. McFadden*
Jamala S. McFadden
Georgia Bar No. 490959
The Employment Law Solution
800 Mt. Vernon Hwy, NE Suite 410
Atlanta, GA 30328

8

jmcfadden@theemploymentlawsolution.com

Telephone: (678) 424-1380
Facsimile: (404) 891-6840
*Attorney for Defendants*